UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE E. JONES,

    Petitioner,

v.

HOWARD C. BARRON,

    Respondent.

CASE NO. 2:23-cv-00957-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: April 5, 2024

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Nicole Estella Jones is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington. He[1] filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting the Federal Bureau of Prisons ("BOP") has failed to properly apply First Step Act ("FSA") time credits to his sentence. Dkt. 7 at 1. Respondent contends Petitioner is categorically ineligible to earn time credits under the FSA. Dkt. 14 at 1–2. And, even if he were

---

[1] Petitioner uses "he/him" pronouns to refer to himself in the petition, so the Court will do the same. *See* Dkt. 7.

REPORT AND RECOMMENDATION - 1

eligible, Respondent argues this petition should be dismissed because the issue is not ripe for consideration and Petitioner has failed to exhaust available administrative remedies. *Id.* at 2.

The Court concludes Petitioner has not shown this issue is ripe for review, nor has he exhausted his administrative remedies. Therefore, the undersigned recommends this petition be dismissed.

I. **Background**

    A. Factual and Procedural History

On May 3, 2013, Petitioner pleaded guilty in the Eastern District of North Carolina to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of aiding and abetting the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 14-1. On December 20, 2013, he was sentenced to imprisonment for 108 months on the conspiracy count and 84 months on the § 924(c) count, to be served consecutively for a total term of 192 months. Dkt. 14-4. The sentencing judge also imposed a term of supervised release of 3 years on the first count and 5 years on the second, to be served concurrently upon release from imprisonment. *Id.* Petitioner is currently in custody with an anticipated release date of February 25, 2028. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (BOP register number: 64508-112) (last visited Mar. 18, 2024).

Petitioner initiated this action on June 26, 2023. Dkt. 1. Respondent filed a response opposing the petition. Dkt. 14. Petitioner did not file a reply. *See* Docket.

    B. First Step Act

Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism

reduction programs. 18 U.S.C. § 3632(a), (b). The FSA also included various incentives for inmates to participate in its anti-recidivism programming. *Id.* § 3632(d). One such incentive allowed eligible inmates to earn "time credits" to "be applied toward time in prerelease custody or supervised release" by successfully completing qualifying activities. *Id.* § 3632(d)(4)(C). Prisoners serving sentences for convictions under certain statutes—including § 924(c)—are ineligible to earn FSA time credits. *Id.* § 3632(d)(4)(D).

Under the FSA, eligible inmates receive 10 days of time credits for every 30 days of anti-recidivism programming they successfully complete. *Id.* § 3632(d)(4)(A)(i). If the BOP determines an inmate has a "minimum" or "low" risk of recidivating and this risk has not increased over two consecutive risk assessments, then the inmate earns an additional 5 days of time credits for every 30 days of successfully completed programming. *Id.* § 3632(d)(4)(A)(ii). The statute governing a prisoner's release directs the BOP to apply FSA time credits for a person who "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.* § 3624(g)(1)(A).

## II. Discussion

Petitioner claims he has been improperly denied FSA time credits and requests the Court require the BOP to apply the time credits to which he believes he is entitled. Dkt. 7 at 1, 9. Respondent argues the Court should dismiss or deny the petition for three reasons: (1) the petition is not ripe and therefore non-justiciable, (2) Petitioner failed to exhaust his administrative remedies before seeking habeas relief, and (3) Petitioner has not shown he is eligible to earn FSA time credits. Dkt. 14 at 2.

A. <u>Ripeness</u>

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). One component of the Article III case-or-controversy requirement is the concept that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). "[R]ipeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).

Several courts have addressed when claims of improperly denied time credits under the FSA are ripe for review. "Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough that equal the remainder of her sentence." *Adkins v. Engleman*, No. CV 22-1988, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (cleaned up), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022); *see also Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[S]ince Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time."); *Turner v. Heisner*, No. CV 22-00178-PHX, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied toward prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022). Courts have noted that this interpretation "has a common sense basis," as FSA credits earned can be lost due to misconduct. *Adkins*, 2022 WL 14966123, at *2; *see also Milchin v. Warden*, No. 3:22-CV-195, 2022 WL 1658836, at *3

(D. Conn. May 25, 2022) (citing 28 C.F.R. §§ 523.43, 541.3). "Therefore, an inmate requesting application of [FSA time credits] before such application would result in his immediate release would be essentially seeking an advisory opinion from the court." *Patrick v. Heckard*, No. 5:23-CV-00234, 2024 WL 770631, at *4 (S.D.W. Va. Jan. 26, 2024) (cleaned up), *report and recommendation adopted*, 2024 WL 767179 (S.D.W. Va. Feb. 22, 2024).

Petitioner does not assert in his petition that he is currently eligible for release, nor does he specify the quantity of credits to which he believes he is entitled. *See* Dkt. 7. He states only that "further delay of applied credits could cause [him] to be held beyond his release date (date of the expiration of the prisoner's term of imprisonment)." *Id.* at 1.

Under the FSA, the fastest rate at which a prisoner can accrue time credits is 15 days for every 30 days of qualifying programming. Therefore, the maximum quantity of credits a person could have accrued from December 21, 2018[2] to March 18, 2024, is equivalent to approximately 2.62 years. As of March 18, 2024, Petitioner has just under 4 years remaining of his sentence. Even assuming Petitioner were eligible to earn FSA credits and had earned the maximum quantity, at this time, there is still a gap of around 1.5 years before the credits could be applied to his sentence. During that interval, earned FSA credits could be lost, resulting in a change to the adjusted release date he now requests. Accordingly, the Court concludes this issue is not ripe for adjudication and recommends the petition be dismissed.

B. Exhaustion

Respondent also argues the petition should be dismissed because Petitioner has not exhausted his available administrative remedies. Dkt. 14 at 8.

---

[2] A prisoner may not earn time credits for programming completed before the effective date of the FSA, December 21, 2018. 18 U.S.C. § 3632(d)(4)(B)(i).

Generally, federal prisoners must exhaust all available administrative remedies before bringing a petition for a writ of habeas corpus in federal court. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). In § 2241 cases, exhaustion is a prudential rather than jurisdictional requirement, and it is therefore subject to waiver. *Ward*, 678 F.3d at 1045; *Laing*, 370 F.3d at 998. Courts may waive the exhaustion requirement when pursuit of administrative remedies would be futile. *Ward*, 678 F.3d at 1045.

The BOP has established an administrative remedy program through which prisoners can "seek formal review of an issue relating to any aspect of [their] own confinement[,]" including the BOP's computation of time credits against their sentences. 28 C.F.R. § 542.10(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). Except in certain limited situations, a prisoner "shall first present an issue of concern informally" to prison staff. 28 C.F.R. § 542.13(a). If dissatisfied with prison staff's informal response, the prisoner must then formally complain to the prison's warden. *See id.* § 542.14(a)–(c). If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director of the region in which he is confined. *Id.* § 542.15(a). And if the prisoner is dissatisfied with the Regional Director's response, he may appeal to the BOP's General Counsel. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner states in his petition, "attempts at administrative remedy process proved to have been futile, particularly where the [BOP's] misinterpretation of and misinformation passed down in regards to the specific policy came from executives at its central office[.]" Dkt. 7 at 1. He does not identify the policy he is referencing. *See id.* Respondent argues that, because Petitioner's grievance involves a legal issue, a proper administrative appeal up to and including the BOP's General Counsel would not have been a futile step. Dkt. 14 at 9.
REPORT AND RECOMMENDATION - 6

Respondent submitted evidence showing Petitioner filed two initial administrative remedy requests regarding FSA time credits. Dkt. 16 at 4, 8–9. The first, received July 11, 2023, was rejected for failure to attempt informal resolution before filing a formal complaint. *Id.* at 4–5, 8. The second request, received August 14, 2023, was rejected for submission of more than one continuation page. *Id.* at 5, 9. Although neither of Petitioner's administrative remedy requests regarding FSA time credits were adjudicated because they did not comply with BOP filing procedures, Respondent contends the administrative remedy process remains available to Petitioner, provided he complies with applicable BOP policies. Dkt. 14 at 9–10.

Based on the record before the Court, Petitioner has not exhausted his available administrative remedies, nor has he shown that pursuing an administrative remedy on this issue would be futile. Therefore, the Court also recommends this petition be dismissed for failure to exhaust administrative remedies.

### III.     Conclusion

For the above-stated reasons, the Court concludes the petition is not ripe for review and Petitioner has failed to exhaust his available administrative remedies. Therefore, the Court recommends the petition be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by

Federal Rule of Civil Procedure 72(b), the Clerk is directed to set the matter for consideration on April 5, 2024, as noted in the caption.

Dated this 18th day of March, 2024.

*David W. Christel*
David W. Christel
United States Magistrate Judge